```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                             CASE  NO.  10-23558-Civ-MOORE
                             MAGISTRATE JUDGE P.A. WHITE
```

CHARLES ROBERTS,                :

    Petitioner,              :

v.                              :       REPORT OF
                                                           MAGISTRATE JUDGE

EDWIN G. BUSS[1],               :

    Respondent.              :

## I. Introduction

Charles Roberts, who is presently confined at Suwannee Correctional Institution in Live Oak, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his convictions and sentence in case numbers 00-12450-CF-10A and 01-13923-CF-10A, entered in the Seventeenth Judicial Circuit Court for Broward County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the amended petition for writ of habeas corpus, the Respondent's response to an order to show cause with appendix of exhibits, the petitioner's memorandum regarding the limitations period and the second amended petition.

---

[1] Edwin G. Buss replaced Walter A. McNeil as Secretary of the Florida Department of Corrections and is substituted as party pursuant to Fed.R.Civ.P. 25(d).

1

## II. Procedural History

On February 28, 2003, after pleading guilty and entering a substantial assistant agreement, the Petitioner was adjudicated guilty of trafficking in cocaine, possession of drug paraphernalia and reckless driving. (DE#12, p. 27). Roberts appealed his conviction and sentence. During the pendency of the appeal Roberts filed a motion to correct sentence which was denied on January 15, 2005. (DE#12-4, p. 28). On January 18, 2006, the Fourth District Court of Appeal affirmed his convictions and sentences. Roberts v. State, 929 So.2d 1074 (Fla. 4th DCA 2006)(table). Roberts twice sought an extension of time to file a motion for rehearing. Both motions were granted, however Roberts never filed a motion for rehearing. (DE#12-2, p. 12). Mandate issued on June 9, 2006. (DE#12-2, p. 13). Roberts did not seek further review of the Fourth District's affirmance.

On July 31, 2007, Roberts filed a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (DE#12-8, p. 69 through DE#12-9, p.3). The Rule 3.850 motion was denied by the State trial court on August 17, 2009. (DE#11-1, p. 13). The Petitioner filed a pro se appeal of the denial of this motion. (DE#12-9, p. 83). On July 28, 2010 the Fourth District affirmed the denial of this motion. Roberts v. State, 41 So.3d 912 (Fla. 4th DCA 2010)(table). Mandate issued on September 24, 2010. (DE#12-9, p. 6).

Roberts has apparently also filed a motion to correct an illegal sentence which appears to be still pending in the trial court. (DE#14, p. 25). Neither party has advised as to whether this motion has been ruled upon, however, as will be discussed below, the status of this motion is moot as the instant petition is untimely.

2

There have been no further state court proceedings.

Roberts filed the instant petition on November 29, 2010.[2] He raises four claims of trial court error in denying his motion for post conviction relief. Roberts also filed an amended petition on March 24, 2011 in which he adds claims of ineffective assistance of counsel.[3]

### III. Statute of Limitations

The State contends that the instant petition is untimely. As will be discussed below, this contention is well taken.

A one-year statute of limitations applies to petitions for writ of habeas corpus filed by State prisoners. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or at the time when seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." See Lawrence v. Florida, 549 U.S. 327 (2007); Helton v. Sec'y, Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) ("Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."). For

---

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[3] Although an order was issued requesting the State to respond to this amendment to the petition, a review of the petition and responses establishes that the petition is untimely and no response is necessary for a full adjudication of this petition.

equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." <u>Lawrence</u>, 549 U.S. at 336 (citation omitted).

Robert's convictions and sentence became final on April 18, 2006, ninety days after his conviction was affirmed and the time for seeking certiorari review in the Supreme Court expired. <u>See Jackson v. Sec'y for Dep't of Corr.</u>, 292 F.3d 1347, 1349 (11th Cir. 2002) (conviction final at end of 90 day period for seeking certiorari with U.S. Supreme Court). Roberts therefore had until April 17, 2007, to seek federal habeas relief. He filed the instant petition on November 29, 2010, more than four years after his conviction became final. Therefore, the petition is untimely unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. § 2244(d)(2).

Roberts' first motion for post conviction relief was not filed until July 31, 2007, or more than three months after the one year limitations period had expired. The motion therefore had no tolling effect. <u>See</u> <u>Tinker v. Moore</u>, 255 F.3d 1331, 1332 (11th Cir. 2001) (petition for relief in state court filed after the federal limitations period has expired cannot toll the period because nothing remains to be tolled).

Roberts' motion to correct an illegal sentence was also filed outside the one year limitations period and had no tolling effect.

As noted above, under certain circumstances the statute of limitations may be subject to equitable tolling. Recently, the

4

Supreme Court has held that the one-year limitations period is subject to equitable tolling in appropriate cases. Holland v. Florida, -- U.S. --, 130 S.Ct. 2549, 2010 WL 2346549 (2010). See also Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(holding that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing); Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999). As noted by the Supreme Court in Holland, a petitioner must show that he has exercised reasonable diligence and that extraordinary circumstances prevented him from timely filing his petition.

Roberts was given an opportunity to respond to the question of the limitations period. In response he filed a memorandum in which he provided a chronological history of his State court proceedings. (DE# 14). There is nothing contained within the memorandum that refutes the chronology presented above.

The only issue of timing that could be discerned is whether the time for seeking certiorari review in the Supreme Court began to run from the date of the Fourth District's opinion affirming Roberts' conviction, or from the date of the issuance of the mandate. Under the Supreme Court rules:
> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the

5

>       mandate (or its equivalent under local practice). But if
>       a petition for rehearing is timely filed in the lower
>       court by any party, or if the lower court appropriately
>       entertains an untimely petition for rehearing or sua
>       sponte considers rehearing, the time to file the petition
>       for a writ of certiorari for all parties (whether or not
>       they requested rehearing or joined in the petition for
>       rehearing) runs from the date of the denial of rehearing
>       or, if rehearing is granted, the subsequent entry of
>       judgment.

See Sup.Ct. R. 13.1. Although Roberts filed two motions for extension of time to file for rehearing, he never actually filed a motion for rehearing. Therefore, since no motion for rehearing was ruled upon, the date of the issuance of the judgment, January 18, 2006, is the correct date to begin calculating the ninety days Roberts had to seek certiorari review. Since Roberts did not file this petition or any motions in state court within the one year period that closed on April 17, 2007, the instant petition is untimely.

Since Roberts has not provided any argument for equitable tolling or alleged that any extraordinary circumstances prevented his timely filing of this petition no equitable tolling is available. The petition is time-barred.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 18th day of April, 2011.

UNITED STATES MAGISTRATE JUDGE

```
cc:   Charles Roberts
      DC# 647942
      Suwannee C.I. - Annex
      5964 U.S. Highway 90
      Live Oak, FL 32060

      Don Rogers, AAG
      Office of the Attorney General
      1515 North Flagler Drive, Suite 900
      West Palm Beach, FL 33401
```